Battle, J.
 

 The only question presented is, whether the action, upon the instrument declared upon, was properly brought in the name of Brown, Brawley & Co., and we think that upon both principle and authority, it was. According to the express terms of the written agreement, the defendant bound himself to deliver the flour to the plaintiffs, and the agreement is signed in their name, and sealed with a seal purporting to be theirs. It is true, that in the body of the instrument, the contract purports to be made between John L. Brown for the plaintiffs and the defendant; and John L.
 
 *3
 
 Brown, for tbe plaintiffs,- promises to pay tbe defendant for tbe flour upon its delivery. Brown, as a member of tbe firm, bad full authority to make tbe contract, but not to bind tbe partnership by a seal. Had the defendant performed bis part of the contract by tbe delivery of tbe flour, be might have found a difficulty in suing any person upon this written agreement. He could not have maintained an action upon it against Brown alone, because it was not signed in bis name, nor could be have sued tbe partnership upon it, because Brown was not authorised to put their seal to it. Tbe defendant, however, would not have been without an adequate remedy, as be could have brought an action .against them for goods sold and delivered, and used tbe written instrument as evidence of tbe price and terms of payment;
 
 Delius
 
 v. Cawthorn, 2 Dev. Rep. 90;
 
 Osborne
 
 v.
 
 The High Shoals Mining and, Manufacturing
 
 Company, 5 Jones’ Rep. 177. There was nothing to prevent tbe defendant from binding himself, under seal, by the. instrument in question, and 4:he only difficulty is to ascertain the person .or persons to whom be did so bind himself. ’W’e see no good reason, either technical or otherwise, why he should not be held to have bound himself to the firm, the present plaintiffs.’ Had Brown signed and sealed the instrument in his own name, it might have presented the technical difficulty of being a deed
 
 under partes,
 
 in which no person but a party could sue upon it; and so are all the numerous authorities referred to by the defendant’s counsel. But for the reasons already stated, this cannot be regarded as a deed
 
 inter partes.
 
 It is, in legal effect, the deed of the defendant, and the written evidence of a simple contract on the part of ;the plaintiffs; and it is well settled, that upon such an instrument, one party may be sued in debt or covenant as the case may require, while the other can only be sued in assumpsit;
 
 Whitehead
 
 v.
 
 Riddick,
 
 12 Ire. Rep. 95, is a case in point in favor of the action.
 

 There is no error.
 

 Pee Curiam, Judgment affirmed.